**DEAK–PERERA HAWAII, INC.,**
**Plaintiff-Appellant,**

v.

**DEPARTMENT OF TRANSPORTA-**
**TION, State of Hawaii, et al.,**
**Defendants-Appellees,**

**and**

**Citicorp (USA), Inc., Intervenor-appellee.**

**No. 83–1552.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 1984.

Decided Oct. 26, 1984.

Robert F. Miller, Honolulu, Hawaii, for plaintiff-appellant.

Gerald Y.Y. Chang, Honolulu, Hawaii, for defendants-appellees.

Robert A. Rowan, Susan O. Mollway, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for intervenor-appellee.

Before GOODWIN and KENNEDY, Circuit Judges, and CURTIS,* District Judge.

GOODWIN, Circuit Judge.

Deak-Perera lost its bid to retain the currency exchange concession at Honolulu International Airport when the Hawaii Department of Transportation awarded a five-year exclusive concession to Citicorp, the highest bidder. Alleging violation of federal and state antitrust laws and state bidding laws, Deak-Perera sued the state agency and two of its officials. We affirm the district court's finding that the defendants were entitled to state action immunity from federal antitrust laws. *Deak-Perera Hawaii, Inc. v. Department of Transportation,* 553 F.Supp. 976 (D.Haw.1983).

I. *Antitrust immunity*

■ Actions by "'the State acting as sovereign,'" *Hoover v. Ronwin,* — U.S. ——, 104 S.Ct. 1989, 1998, 80 L.Ed.2d 590 (1984), *quoting Bates v. State Bar of Arizona,* 433 U.S. 350, 360, 97 S.Ct. 2691, 2697, 53 L.Ed.2d 810 (1977), are immune from the federal antitrust laws. If the State of Hawaii was acting in its sovereign capacity when it granted Citicorp the exclusive lease, it is immune from Deak-Perera's antitrust challenge.

■ The Department of Transportation, which granted the lease, is part of the executive branch of Hawaii state government. Although *Hoover v. Ronwin* declares that state legislatures and state supreme courts exercising legislative powers have antitrust immunity without further investigation, it expressly leaves open the circumstances under which the activities of a state executive branch are entitled to antitrust immunity. 104 S.Ct. at 1995 n. 17.

We hold that the Department's grant of the lease was an action of the State of Hawaii "acting as sovereign" and thus entitled to immunity from the antitrust laws. As the *Hoover* Court notes, the reasoning of *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), lays the foundation of the doctrine of state-action antitrust immunity. *Parker* refused to construe the Sherman Act as prohibiting a raisin marketing program carried out by state officials pursuant to a statute enacted by the California legislature:

> We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature. In a dual system of government in which, under the Constitution, the states are sovereign, save only as Congress may constitutionally subtract from their authority, an unexpressed purpose to nullify a state's control over its officers and agents is not lightly to be attributed to Congress.

317 U.S. at 350–351, 63 S.Ct. at 313–314.

As *Hoover* puts it, the rationale of *Parker* rests on "principles of federalism and state sovereignty." 104 S.Ct. at 1995. These principles entitle the executive branch of the State of Hawaii to state action immunity. The Hawaii Constitution creates the executive as a co-equal branch of the state government and provides for the establishment of departments under the supervision of the governor, Haw. Const. Art. V § 6; the Department of Transportation is one such department. Haw.Rev.Stat. § 26–19. The Hawaii Constitution charges the governor with "the faithful execution of the laws." Haw. Const. Art. V § 5. In granting Citicorp the challenged lease, the Department of Transportation, as the governor's subordinate, was fulfilling its constitutional duty to execute Haw.Rev.Stat. § 261–4, which permits the Department of Transportation to establish and operate airports. Haw.Rev.Stat. §§ 261–4(a) and 261–7(a) provide the Department with implied authority to enter into the challenged exclusive lease. That the legislature contemplated an exclusive lease is emphasized by the noninclusion of foreign exchange concessions in Haw.Rev.

* The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation.

Stat. § 102–2. That statute exempts certain other businesses from bidding requirements for public concessions because of the "danger that such a system of awarding all concessions or concession spaces by bid could result in a monopoly." Act of May 10, 1960, No. 14, § 1, 1960 Hawaii Sess. Laws 16. Here, the required competitive bidding was invited and Citicorp won the competition and obtained a monopoly.

We see no reason why a state executive branch, when operating within its constitutional and statutory authority, should be deemed any less sovereign than a state legislature, or less entitled to deference under principles of federalism. In *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978), the Supreme Court emphasized the importance of a "clearly articulated and affirmatively expressed" state policy, *id.* at 410, 98 S.Ct. at 1135, and specifically rejected the argument that "all governmental entities, whether state agencies or subdivisions of a State, are, simply by reason of their status as such, exempt from antitrust laws." *Id.* at 408, 98 S.Ct. at 1134. However, *Lafayette* involved a government delegation of authority to private parties. We note that this is not a case of private parties imposing competitive restraints in conjunction with state authorities. In such a case the inquiry would be different. *See California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105, 100 S.Ct. 937, 943, 63 L.Ed.2d 233 (1980); *Benson v. Arizona State Board of Dental Examiners*, 673 F.2d 272, 274–76 (9th Cir.1982).[1]

II. *Dismissal of state claim*

■ There is no federal jurisdiction over Deak-Perera's claim that the state and its officials violated state law. *Pennhurst State School & Hospital v. Halderman,* — U.S. ——, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984).

*Conclusion*

Because of our holding on state action immunity, we do not reach the state's con-

stitutional defenses. The district court's grant of summary judgment for the Department is affirmed.

---

**1.** Part of the board of dental examiners involved in *Benson* was appointed by the governor on recommendation of the state dental association. Arizona Rev.Statutes § 32–1203.